**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                                    **CASE NO. 5:25-CR-00617-JKP**

**RENE RUIZ-MENDOZA**

## ORDER DENYING AMENDED MOTION TO SUPPRESS

Before the Court is Defendant Rene Ruiz-Mendoza's Amended Motion to Suppress, (*ECF No. 20*), to which the Government responded, (*ECF No. 22*). Because the relief requested is foreclosed by Supreme Court and Fifth Circuit authority, no hearing is required. Accordingly, the Court therefore **DENIES** Defendant's Motion to Suppress.

### BACKGROUND

On October 24, 2025, a Texas Department of Public Safety Trooper initiated a traffic stop of a vehicle with a defective brake light in San Antonio, Texas. *ECF No. 22 at 1*. Defendant was a passenger in the vehicle. *Id. at 2*. The trooper informed the driver and Defendant of the basis of the stop, which was an inoperative brake light located above the rear window. *Id*. Despite a language barrier between the officer and the occupants of the vehicle, the trooper requested and received identification from the driver and Defendant. *Id*. Defendant provided a Mexican consulate card to the trooper. *Id*. The trooper texted a picture of Defendant's identification to Immigration and Customs Enforcement ("ICE") agents to validate his status. *Id*. ICE agents arrived at the scene within ten minutes of receiving the trooper's text message. *Id*. Defendant was arrested and charged with Illegal Reentry in violation of 8 U.S.C. § 1326(a).

Defendant seeks to suppress his identity and immigration status based on the allegedly unconstitutional stop of the vehicle in which he was a passenger. *ECF No. 20 at 2*. The government argues Defendant's request for relief is foreclosed by *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984), and *United States v. Hernandez-Mandujano*, 721 F.3d 345, 351 (5th Cir. 2013). Because the government is correct, Defendant's Motion to Suppress will be denied.

The Fifth Circuit has repeatedly held that "[t]he body or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest." *United States v. Roque-Villanueva*, 175 F.3d 345, 346 (5th Cir. 1999) (quoting *I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984).

## CONCLUSION

Because Defendant's Motion is foreclosed by Supreme Court and Fifth Circuit authority, the Court **DENIES** Defendant's Motion Suppress. *See ECF No. 20*.

It is so ORDERED.
SIGNED this 15th day of January, 2026.

JASON  PULLIAM
UNITED STATES DISTRICT JUDGE